## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JO ANNE CHRISTIE-PERRI, | : | |
| Petitioner | : | CIVIL ACTION NO. 3:14-CV-01153 |
| vs. | : | (Petition Filed 06/16/2014) |
| SMITH, SUPERINTENDENT, ET AL., | : | (Judge Caputo) |
| Respondents | : | |

### MEMORANDUM

Pending before the court is a petition for writ of habeas corpus filed by Jo Anne Christie-Perri pursuant to 28 U.S.C. § 2254. (Doc. 1). By Order dated June 23, 2014, in accordance with United States v. Miller, 197 F.3d 644 (3d Cir. 1999) and Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000), Christie-Perri was advised that she could (1) have the petition ruled on as filed, that is, as a § 2254 petition for writ of habeas corpus and heard as such, but lose her ability to file a second or successive petition, absent certification by the court of appeals, or (2) withdraw his petition and file one all-inclusive § 2254 petition within the one-year statutory period prescribed by the Antiterrorism Effective Death Penalty Act ("AEDPA"). (Doc. 3). The order further advised Christie-Perri that if she failed to return the Notice of Election Form within the 20 days the court would rule on the § 2254 petition as filed. Christie-Perri did not return the Notice of Election Form. By Order dated August 21, 2014, the Court directed respondents to file an answer to Christie-Perri's petition and a brief in support of their answer. Doc. 4. An answer, brief and appendix of exhibits was filed by the Lackawanna County District Attorney on September 8, 2014. Docs. 5 and 6. The District Attorney argues, inter alia, that Christie-Perri's petition for writ of habeas corpus was

untimely filed. The matter became ripe for disposition on September 29, 2014, when Christie-Perri filed a traverse. (Doc. 7). For the reasons that follow, the Court will dismiss Christie-Perri's petition as untimely filed.

**Background**

On July 1, 2002, Christie-Perri pled guilty to eight offenses under three separate Court of Common Pleas docket numbers. Doc. 1, Petition and Attachments thereto, at 1, 18-35 and 38-39; Doc. 5-4, Response to Petition, Exhibit C, at 3. The offenses to which she pled guilty were two counts of robbery, three counts of aggravated assault, two counts of theft by unlawful taking and one count of false identification to a law enforcement officer. Id. On October 1, 2002, the Court of Common Pleas imposed an aggregate sentence of three to six year to be followed by five years of probation. Id.; Doc. 1-1, Attachments to Petition, at 17-18. The record does not reveal that Christi-Perri took a direct appeal from the judgment and sentence of October 1, 2002, or filed any collateral proceeding relating thereto.

In July 2009, while Christi-Perri was serving the five year term of probation she violated the terms and conditions of her probation by failing to notify her probation officer of a change in her employment status. Doc. 5-3, Response to Petition, Exhibit B, at 2-4. A revocation hearing was held by the Court of Common Pleas and that court found that Christie-Perri had violated the conditions of her probation but imposed a sentence that allowed her immediate release and also imposed several other conditions of probation, including that she not associated with any known illicit drug users. Id.

After the above-mentioned probation violation hearing, retail theft charges were filed on August 24, 2009, against Christie-Perri relating to an incident which allegedly

occurred on May 13, 2009. Id. It appears that Christie-Perri was not detained on that charge but that on or about December 18, 2009, a probation violation detainer was issued relating to an allegation that Christie-Perri failed to report to her supervising probation officer on two occasions, as well as an allegation that she had contact with a known user of illicit drugs. Id.

On March 17, 2010, Christie-Perri entered a guilty plea to one count of attempted theft by unlawful taking relating to the retail theft incident. Id.; Doc. 5-7, Response to Petition, Exhibit F, at 4.  On April 30, 2010, Christie-Perri was sentenced for the probation violations involving failing to report and having contact with an illicit drug user, as well as for committing the new offense of attempted theft by unlawful taking. Id.  The Court of Common Pleas imposed the maximum sentence allowed by law, 3 ½ to 7 years.  Id.  This sentence encompassed the new theft charge as well as re-sentencing on the charges for which she was still serving probation. Id.

After over one year had elapsed, Christie-Perri on March 21, 2011, filed a motion for reconsideration of the sentence of 3 ½ to 7 years.  Doc. 5-4, Response to Petition, Exhibit C, at 5.  On April 4, 2011, the Court of Common Pleas denied that motion as untimely. Doc. 5-7, Response to Petition, Exhibit F, at 4.  Christie-Perri did not file a direct appeal from the judgment conviction and sentence. Id.  Instead, on April 29, 2011, Christie-Perri filed with the Court of Common Pleas a pro se petition under Pennsylvania's Post Conviction Relief Act (PCRA). Id. at 5.  Subsequently, Christie-Perri retained counsel and an amended PCRA petition was filed on September 6, 2011.  Id.   During the PCRA proceeding the following issues were raised:

> (1) Christie-Perri was denied due process of law because she was not properly notified that a new conviction would result in a violation of her probation and because she was not afforded an opportunity to have [a revocation] hearing

>   with respect to the various violations alleged;
>
>   (2) Attorney Tom Jones was ineffective because he failed to advise Christie-Perri that her probation would be violated after she received a new conviction; and
>
>   (3) Attorney Brian Schuh was ineffective because he:
>
>>   (a) failed to engage in proper advocacy at sentencing with respect to the allegation that Christie-Perri had engaged in new criminal conduct since her last violation;
>>
>>   (b) failed to file a timely reconsideration of sentence and/or appeal; and
>>
>>   (c) failed to protect Christie-Perri's right to due process with respect to her right to a formal revocation hearing addressing the allegations that she had violated the conditions of her probation.

Doc. 5-3, Response to Petition, Exhibit B, at 4-5. On April 11, 2012, the trial court denied Christie-Perri's PCRA petition on the merits. Doc. 5-4, Response to Petition, Exhibit C.

Christie-Perri then filed an appeal with Pennsylvania Superior Court in which she raised the same issues that had been raised in the amended PCRA petition. Doc. 5-7, Response to Petition, Exhibit F. On January 23, 2013, the Superior Court affirmed the denial of Christie-Perri's PCRA petition. Id.

On June 16, 2014, Christie-Perri filed the instant petition for writ of habeas corpus. In the habeas petition Christie-Perri raises three claims: (1) lack of physical evidence and exculpatory evidence that could exonerate;[1] (2) excessive/incessant hit time

---

[1] Christie-Perri does not delineate what evidence was lacking or the exculpatory evidence that could exonerate. Furthermore, she is referring to the initial case from 2002 where she pled guilty and there is no evidence in the record that she took a direct appeal or initiated collateral proceedings relating thereto or when any such appeal or collateral proceedings were resolved.

by the Pennsylvania Board of Probation and Parole for reasons ambiguous and incongruent; and (3) judicial misconduct.[2]

**Discussion**

The primary question before the court is when did the deadline for Christie-Perri to file her petition for writ of habeas corpus expire.

There is a one-year statute of limitations for filing a 2254 federal petition for writ of habeas corpus. See 28 U.S.C. § 2244(d)(1). For our purposes, that period starts to run from the date the conviction becomes final, defined in section 2244(d)(1)(A) as "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." However, 28 U.S.C. § 2244(d)(2) also provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation[.]"[3] The court will first address the question of when Lee's conviction became final for purposes of the commencement of the 1-year statute of limitations and then address whether there is any other time excluded under §2244(d)(2).

Christie-Perri was sentenced in regard to the probation violations and for the new crime of attempted theft on April 30, 2010. From that date Christie-Perri had 30 days

---

[2] With respect to the second claim, Christie-Perri indicates that she raised the second claim with the Pennsylvania Board of Probation and Parole but did not take any further appeals in state court. As for the third claim, she does not indicate that the claim was raised in the state trial or appellate courts on direct or collateral review. She gives no details about the judicial misconduct and merely claims counsel was ineffective for failing to raise a judicial misconduct claim.

[3] See Swartz v. Meyers, 204 F.3d 417 (3d Cir. 2000)("pending" as used in the statute of limitations includes the time during which a petitioner seeks discretionary state court review, whether or not review is sought).

to file an appeal with the Superior Court. The 30th day fell on May 30, 2010, which was a Sunday. Consequently, the last day for Christie-Perri to file a direct appeal was on Monday, May 31, 2010, and that is the date on which her judgment of conviction and sentence became final.

On April 29, 2011, Christie-Perry filed with the trial court a PCRA petition. Consequently, 333 days elapsed between the date her conviction became final and when she filed her PCRA petition. Those 333 days are charged against the 365-day (1-year) statute of limitations leaving Christie-Perri with 32 days in which to file a petition with this court after her state PCRA proceedings became final.

As stated earlier, the trial court denied the PCRA petition on April 11, 2012, and the Superior Court affirmed that decision on January 23, 2013. Christie-Perri had 30 days from the Superior Court's order affirming the trial court's denial of her PCRA petition to file a petition for allowance of appeal with the Pennsylvania Supreme Court. Pa.R.A.P., Rule 1113. Christie-Perri did not file a petition for allowance of appeal with the Supreme Court and the time for doing so expired on Monday, February 25, 2013.[4] Consequently, Lee had 32 days from that date to file a petition for writ of habeas corpus in this court, i.e., Friday,

---

[4] The 30th day fell on Friday, February 23, 2013. However, we have given Christie-Perri the benefit of 3 extra days for mailing.

March 29, 2013.  Christie-Perri's petition filed on  June 16, 2014, therefore, must be dismissed as untimely.[5]

An appropriate order will be entered.


 s/A. Richard Caputo
A. RICHARD CAPUTO
United States District Judge

Dated: March 9, 2015

---

[5] 28 U.S.C. § 2244(d)(1)(D) allows the 1-year statute to run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Although Christie-Perri refers to "newly discovered evidence" in her petition as a reason why the one-year statute of limitations does not bar her petition, she fails to delineate that evidence, when it was discovered and how the evidence relates to her claims. Therefore, the extended limitation period of 28 U.S.C. § 2244(d)(1)(D) does not apply. Furthermore, Christie-Perri has not established that any other provision of 28 U.S.C. § 2244(d)(1) applies to her case.